**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:
BRANDON DOUGLAS ZIEL, JR.
AKA BRANDON D. ZIEL
Last four digits of social security # : 2297
10 Tarleton Drive
Charleston, SC 29407

CASE NO: 13-02715
CHAPTER: 13

NOTICE, CHAPTER 13 AMENDED PLAN,
MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN,
AVOID A NONPURCHASE-MONEY, NONPOSSESSORY
SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR
REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE

Debtor.

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

    A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

    B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

    A. <u>Nonpossessory, Nonpurchase-Money Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods: **None**

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest <u>Not</u> avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

    B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior / unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| **First Federal - judgment lien - real property located at 10 Tarleton Dr., Charleston, SC** | $120,000 | Nationstar Mortgage - $301,354 | $56,150 Homestead or burial plot S.C. Code § 15-41-30(A)(1) | $275,000 | 0 | $120,000 |
| **Citibank - judgment lien - real property located at 10 Tarleton Dr., Charleston, SC** | $28,164 | Nationstar Mortgage - $301,354 | $56,150 Homestead or burial plot S.C. Code § 15-41-30(A)(1) | $275,000 | 0 | $28,164 |

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.
[2] For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| First Federal - second mortgage on 10 Tarleton Drive, Charleston, SC | $275,000 | Nationstar Mortgage - first mortgage on 10 Tarleton Drive, Charleston, SC - $301,354.00 | $120,000 | 0 | $120,000 |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected. **None**

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| | | | | |

## III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$1,004** per month for a period of **Two (2) months**, followed by a payment of **$2,019** for a period of **Twenty-three (24) months**, followed by a payment of **$525** for a period of **Thirty-five (34) months**, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

## IV. PLAN DISTRIBUTIONS TO CREDITORS.
To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of **$3,200** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$1,100** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

    B. <u>Secured Creditor Claims:</u> The plan treats secured claims as follows:

        1. <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

        2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to (creditor name ) and will continue regular payments directly to that creditor. Description of collateral:

        3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

            a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to **Nationstar Mortgage** at the rate of **$350** or more per month, for **first mortgage on 10 Tarleton Drive, Charleston, SC**, along with **0%** interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

            b. Maintenance of regular non-arrearage payments. Beginning **June, 2013**, the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

        4. <u>Secured portion of claims altered by valuation and lien avoidance:</u> The trustee shall pay **First Federal (this being the same debt listed on paragraphs II B and II C)** the sum of $0 or more per month, along with **0%** interest until the secured claim of $0 established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

        5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>: The trustee shall pay **First Federal (for 2007 Mercedes E350)** the sum of **$100** or more per month, along with **5.25%** interest until the allowed secured claim is paid in full.

        6. <u>Surrender of property</u>: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: (Name of creditor and property address or collateral description ). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

        7. <u>Secured tax debt</u>: The trustee shall pay (creditor name ) the sum of $ (payment amount ) or more per month until the (net balance or value ) of creditor's secured claim plus (percentage ) % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors:</u> Priority claims shall be paid as follows:

    1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

        a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor ), at the rate of $ (amount ) or more per month until the balance, without interest, is paid in full.

        b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount ) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does not propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date:   July 9, 2015                             BY:   /s/ R. Michael Drose
                                                       R. Michael Drose    District Court I.D. #609
                                                       Drose Law Firm
                                                       Attorney for the Debtor/*Pro Se* Debtor
                                                       3955 Faber Place Drive, Suite 103
                                                       Charleston, SC 29405
                                                       Phone: 843-767-8888
                                                       Fax: 843-767-3290
                                                       drose@droselaw.com

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*
*(2) The consequences of any default under the plan, including the direct payments to creditors; and*
*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

Brandon Douglas Ziel

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

Label Matrix for local noticing
0420-2
Case 13-02715-jw
District of South Carolina
Charleston
Thu Jul  9 15:34:13 EDT 2015

American Express
PO Box 650448
Dallas TX 75265-0448

American Express Centurion Bank
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

CAPITAL ONE BANK (USA), N.A.
PO Box 12907
Norfolk VA 23541-0907

Cash Yes
PO Box 96503
#15050
Washington DC 20090-6503

Citgo
PO Box 6497
Sioux Falls SD 57117-6497

Citibank
c/o Jerry T Myers
PO Box 26268
Raleigh NC 27611-6268

Client Services
For Chase Bank
3451 Harry S Truman Blvd
Saint Charles MO 63301-4047

Discount Advances
207-1425 Marine Drive
West Vancouver, British Columbia
Canada V7T 1 B9

K. Michael Drose
1955 Faber Place Drive
Suite 103
North Charleston, SC 29405-8565

First Federal
PO Box 118068
Charleston SC 29423-8068

Government Employees Credit Union
PO Box 7780
Wilmington DE 19803

Great Plains Lending
1050 East 2nd St
Box 500
Edmond OK 73034-5313

Hamilton Liberty Inc
dba Best Choice 123
Cash Reserves
6130 Elton Ave
Las Vegas NV 89107-2538

Integrity Advance
300 Creek View Road Suite 102
Newark DE 19711-8547

Kristen N Nichols
Clawson & Staubes LLC
126 Seven Farms Drive
Suite 200
Charleston SC 29492-8144

Liane M Ziel
10 Tarleton Dr
Charleston SC 29407-7446

Lowes
PO Box 530914
Atlanta GA 30353-0914

Mobi Loans LLC
151 Melacon Rd
Marksville LA 71351-3065

Kathleen M Muthig
Finkel Law Firm LLC
1201 Main Street
Suite 1800
Columbia, SC 29201-3294

NCEP, LLC, assignee of
UNITED DEBT HOLDINGS, LLC
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Nationstar Mortgage
c/o Finkel Law Firm LLC
1000 Faber Place Dr Ste 450
PO Box 71727
North Charleston SC 29415-1727

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

Nationstar Mortgage, LLC, isaoa
350 Highland Dr.
Lewisville, TX 75067-4177

Nationstar Mortgage, LLC, isaoa
PO Box 630267
Irving TX 75063-0116

One Click Cash
52946 Hwy 12 Ste 3
Niobrara NE 68760-7085

PRA Receivables Management LLC
P. O. Box 41067
Norfolk, VA 23541-1067

PRA Receivables Management, LLC., as agent o
Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541-1067

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

R Wayne Hall
First Federal CEO
2440 Mall Drive
North Charleston SC 29406-6544

SC Department of Revenue
PO Box 12265
Columbia SC 29211-2265

Silver Cloud Financial
635 East Hwy 20
Upper Lake CA 95485-8793

Smith Debnam Attorneys at Law
PO Box 26268
Raleigh NC 27611-6268

Sure Advance
750 Shipyard Drive
Ste 213
Wilmington DE 19801-5160

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

United Cash Loans
3531 P Street NW
PO Box 111
Miami OK 74355-0111

United Recovery Systems LP
PO Box 722929
Houston TX 77272-2929

WELLS FARGO BANK, N.A.
PO BOX 10438
MAC: X2505-036
DES MOINES, IA 50306-0438

Wells Fargo Bank NA
PO Box 10438
Des Moines IA 50306-0438

Wells Fargo Financial Cards
PO Box 660041
Dallas TX 75266-0041

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

Brandon Douglas Ziel
10 Tarleton Drive
Charleston, SC 29407-7446


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Nationstar Mortgage, LLC
PO Box 619096
Dallas, TX 75261-9741

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541



The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)R Michael Drose
4955 Faber Place Drive Suite 103
North Charleston SC 29405-8565

End of Label Matrix
Mailable recipients    41
Bypassed recipients     1
Total                  42

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br>BRANDON DOUGLAS ZIEL<br>Last four digits of social security # : 2297<br><br>Debtor. | CASE NO: 13-02715<br><br>**CHAPTER 13**<br>**NOTICE OF PLAN MODICATION AFTER CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** |

1. NOTICE TO CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor proposed a chapter 13 plan and motions that were previously confirmed by this court; debtor now moves, pursuant to 11 U.S.C. § 1329(a), Fed. R. Bankr. P. 3015(g), and Fed. R. Bankr. P. 2002(a)(5), to **modify the plan as follows:**

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments; or
(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

**Debtor is modifying the plan to decrease the base paid to the Trustee after changes in his income and expenses and to amend Sections IV(A)(1), (B)(3), and (B)(5). The amendments to Sections IV(B)(3) and (5) change the disbursement amount to the Creditors listed in those sections. Creditors to be served are listed on the attached mailing matrix.**

TO: Debtor, Trustee, Creditors and other Parties of Interest

**Debtor believes the relief sought is based on a substantial and unanticipated change in her affairs as required by the Fourth Circuit in In re Arnold, 869 F.2d 240 (4th Cir. 1989) and In re Murphy, (4th Cir. 2007).**

Debtor believes that the proposed modified plan, filed herewith, is filed in good faith and is consistent with the provisions of Chapter 13.

Therefore, Debtor requests that the Debtor's previously confirmed plan be modified as set herein.

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions to the Court's form plan are highlighted by italics. (See SC LBR 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-five (25) days from the date this document is filed. Timely objections will be scheduled for hearing and separate notice of such a hearing will be given. If no timely objections is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

The undersigned hereby certifies that she has properly served this notice and the accompanying plan and related motions on the parties listed above.

Date: July 9, 2015

DROSE LAW FIRM

BY *Ann U. Bell*

Ann U. Bell Dist. Ct. ID #10372
Attorney for the Debtor
3955 Faber Place Drive, Suite 103
Charleston, SC 29405
(843) 767-8888
Fax: (843) 767-3290
drose@droselaw.com